**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000344
09-JUN-2020
07:49 AM**

NO. CAAP-19-0000344

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
TEMUULEN BAYARDELGER, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
ʻEWA DIVISION
(CASE NO. 1DTA-17-02227)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Chan and Wadsworth, JJ.)

Defendant-Appellant Temuulen Bayardelger (**Bayardelger**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on February 12, 2019, in the District Court of the First Circuit, ʻEwa Division (**District Court**).[1]

Following a bench trial, Bayardelger was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2016).[2] On appeal, Bayardelger contends there was insufficient

_____

[1] The Honorable Sherri-Ann L. Iha presided.

[2] HRS § 291E-61(a)(1) provides:

> **Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(continued...)

evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bayardelger's point of error as follows:

Sufficient evidence to support a conviction requires substantial evidence as to every material element of the offense charged. State v. Grace, 107 Hawaiʻi 133, 139, 111 P.3d 28, 34 (App. 2005) (quoting State v. Ferrer, 95 Hawaiʻi 409, 422, 23 P.3d 744, 757 (App. 2001)). Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. The evidence must be "viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact," who must "determine credibility, weigh the evidence, and draw justifiable inferences of fact." Id.

In order to convict Bayardelger of OVUII, the prosecution was required to prove beyond a reasonable doubt that (1) Bayardelger (2) operated or assumed actual physical control of a vehicle while (3) under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty. HRS § 291E-61(a)(1). "'Impair' means to weaken, to lessen in power, to diminish, to damage, or to make worse by diminishing in some material respect or otherwise affecting in an injurious manner." HRS § 291E-1 (2007). We have previously held that there was substantial evidence to support an OVUII conviction based on indicia of the defendant's alcohol impairment, even without considering evidence of the defendant's performance on a field sobriety test (**FST**). See State v. Voorhees, No. CAAP-14-0000844, 2019 WL 1123385, at *13 (Haw. App. Mar. 12, 2019) (mem.), cert. granted, No. SCWC-14-0000844, 2019 WL 3309083 (Haw. July 23, 2019); see also Ferrer, 95 Hawaiʻi at 427, 23 P.3d at 762 ("The

----

[2]/(...continued)
    (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

police officer's observations of the field sobriety exercises, other than the HGN test, should be placed in the same category as other commonly understood signs of impairment, such as glassy or bloodshot eyes, slurred speech, staggering, flushed face, labile emotions, odor of alcohol or driving patterns." (quoting State v. Meador, 674 So.2d 826, 832 (Fla. Dist. Ct. App. 1996))).

At trial, the police officer who stopped and eventually arrested Bayardelger, Officer Ty Ah Nee (**Officer Ah Nee**), testified in relevant part to the following: On May 25, 2017, at around 12:22 a.m., he was heading westbound on the Moanalua Freeway over Red Hill on his way to assist another officer. He observed a silver Honda CRV, driven by Bayardelger, drift out of its lane of travel five times over the course of about a mile. After stopping Bayardelger and asking him for his driver's license, vehicle registration, and proof of insurance, Officer Ah Nee had to ask Bayardelger again for his driver's license. While interacting with Bayardelger, Officer Ah Nee "noticed that there was a very strong odor of an alcoholic-type beverage coming from inside the CRV, and as [Bayardelger] was talking, it appeared stronger or coming from his person." In addition, Officer Ah Nee "noticed that [Bayardelger's] eyes were red and watery," which he also described as "glassy."

Following the testimonies of Officer Ah Nee and a second police officer, who administered the FST to Bayardelger prior to his arrest, the District Court granted Bayardelger's motion to suppress evidence of the FST. Nonetheless, the District Court found Bayardelger guilty of OVUII, stating: "The driving in this case is egregious, and with the indicia . . . that was noted by the officer, the Court is gonna find that the State has proven its case beyond a reasonable doubt."

Upon review of the record, we conclude there was substantial evidence, even without considering evidence of the FST, that Bayardelger operated a vehicle while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty. Accordingly, on this record, the evidence was sufficient to support Bayardelger's OVUII conviction.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on February 12, 2019, in the District Court of the First Circuit, ʻEwa Division, is affirmed.

DATED:  Honolulu, Hawaiʻi, June 9, 2020.


On the briefs:

Justin R. Tanaka,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge